PARKER *v.* KING

No. 40792          January 19, 1959          108 So. 2d 224

*Russell & Little,* Magee; *Crisler, Crisler & Bowling,* Jackson, for appellant.

*J. B. Sykes, J. W. Walker,* Mendenhall, for appellee.

ROBERDS, P. J.

On December 22, 1956 Rosa Lee Parker, the appellant, was the owner of a one-fourth undivided interest in the minerals and mineral rights in and upon a designated twenty-acre tract of land located in Simpson County, Mississippi. On the stated date she executed a transfer and conveyance of such minerals and mineral rights to Byron King by an instrument entitled Mineral Right and Royalty Transfer. On December 24, 1956 Byron King executed

the same kind of conveyance to James B. Sykes and J. W. Walker for a consideration of $1,500.

Rosa Lee Parker filed a bill in this cause against King, Walker, Sykes and one Gaydon Drew. She alleged that King, through his agent Drew, obtained the said mineral deed from her to King by means of false and fraudulent representations and promses, and that Sykes and Walker, when they purchased from King, were aware of the fraud which had been practiced upon her, or, if Sykes and Walker did not have personal knowledge of such fraud, the circumstances were such as to charge them with notice of it.

King, in his pleading, denied all fraud in the procurement of said deed. He admitted, however, that Drew was his agent in obtaining the conveyance. He admitted he had agreed to pay $500 for the minerals, which had not been done, and he tendered that sum into court.

Sykes and Walker denied they were aware of any wrong which had been practiced on Rosa in the procurement of the deed to King, and denied that the circumstances were such as to charge them with notice of any such wrong. No process was had upon Drew. He made no appearance in the cause either by plea or as a witness.

The chancellor found and decreed that Walker and Sykes had done no wrong and that the circumstances were not such as to charge them with notice or knowledge of any wrong on the part of Drew as the agent of King. Walker and Sykes averred that they were innocent purchasers and they were vested with good title to the minerals under their deed from King.

The chancellor did not specifically adjudicate as to the title of King, but since he found that Walker and Sykes had a good title, he necessarily found he could not set aside the conveyance from Rosa Lee Parker to King. He gave a personal decree against King in favor of Rosa Lee Parker in the sum of $500, with interest thereon at

six per centum per annum from December 22, 1956, the date of the deed, to the date of the decree.

King departed this life on November 30, 1957 and his administrator has been duly summoned and is a party to this proceeding in the Supreme Court.

██ ██ The evidence amply supports the conclusion of the chancellor that Walker and Sykes were innocent purchasers for value and had good title to the minerals. Appellant says that Harkreader v. Clayton, 56 Miss. 383, is to the contrary. The facts in that case are entirely different from the facts of the case at bar. The *Harkreader* case involved the power and action of an escrow agent; the effect of the death of the grantor before delivery; sale by a commissioner of the chancery court, and other questions not here involved.

██ ██ The record also discloses, without serious contradiction, that Drew was guilty of misrepresentation and fraud, inducing the execution to King of the mineral deed by Rosa Lee Parker. ██ ██ King, while disclaiming any personal wrong on his part, admitted in his pleading that Drew was his agent. King, therefore, is legally liable for the fraud of Drew. It is not necessary to detail the acts on the part of Drew which constituted the fraud that induced the execution of the deed by Rosa Lee Parker. ██ ██ However, since Walker and Sykes were innocent purchasers and obtained a good title, there is no way to set aside the deed from Rosa Lee Parker to King. ██ ██ The question is what can be done about the matter in a court of equity. The bill prayed for general relief. In our opinion, and we so adjudicate, King should be charged with a fair market value of the mineral deed to him on the date of its execution, December 22, 1956, if such value exceeds the $500 which King has paid into court, but not to be less than $1,500, for which King sold the minerals to Sykes and Walker. This means that Rosa Lee Parker is entitled to a decree against King for not less than $1,500 but if the chancellor should find that the

fair, reasonable value of the mineral deed Rosa executed to King was greater than $1,500, then Rosa Lee Parker is entitled to a personal decree for such reasonable fair value.

The cause will be reversed for the chancellor to ascertain such value.

Affirmed in part, deversed in part and remanded.

*Hall, Arrington, Ethridge,* and *Gillespie, JJ.,* concur.